# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**UNITED STATES OF AMERICA**

v.                                                          **Case No. 5:23-cr-78-JA-PRL**

**ANTONIO HOLMES**
  **a/k/a "Tony"**
  **a/k/a "Tone"**

## UNITED STATES' MOTION FOR ENTRY OF
## A PRELIMINARY ORDER OF FORFEITURE

The United States moves this Court, pursuant to 21 U.S.C. § 853(a)(1) and Fed. R. Crim. P. 32.2(b)(2), to enter a preliminary order of forfeiture for approximately $10,639.00 seized from the defendant on July 12, 2023. In support thereof, the United States submits the following.

## MEMORANDUM OF LAW

**1.   Statement of Facts**

**A.   Allegations Against the Defendant**

1.   In pertinent part, the defendant was charged in an Indictment with conspiring to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. Doc. 18.

2.   The Indictment contained forfeiture allegations putting the defendant on notice that, pursuant to 21 U.S.C. § 853, the United States would seek to forfeit any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended

to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. *Id.* at 2.

### B.    Finding of Guilt and Admissions Related to Forfeiture

3.    The defendant pleaded guilty to Counts One and Two of the Indictment. Docs. 46, 48. The Court accepted the defendant's plea, adjudicated him guilty. Doc. 55.

4.    The defendant admitted in his Plea Agreement that between January 2022 and July 12, 2023, he conspired with others to fentanyl.  Doc. 45 at 17-21. During the execution of a search warrant on his residence, law enforcement seized among other things, $10,639 in cash located in a safe in the defendant's room. The defendant admitted that these funds were received by him during the course of the drug conspiracy charged in Count Two as payment for his pill-making activities. *Id.* at 22.

5.    Pursuant to 21 U.S.C. § 853, the defendant agreed to forfeit all assets involved in the 21 U.S.C. § 846 offense, including the funds identified above. Doc. 45 at 5-6. He also agreed that the order of forfeiture would be final as to the defendant at the time it is entered. *Id.*

## II.    Applicable Law

Criminal forfeiture in this case is authorized by 21 U.S.C. § 853(a)(1), which provides that, upon conviction for a violation of subchapter I of Title 21, as charged in Count Two, a defendant must forfeit any property constituting, or derived from,

any proceeds the defendant obtained, directly or indirectly, as a result of such offense. *See* 21 U.S.C. § 853(a)(1)-(2).

Rule 32.2(b)(1) requires that when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime. Fed. R. Crim. P. 32.2(b)(1). This finding should be made as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As was established in the plea agreement, the defendant admitted that the funds were proceeds he obtained from his participation in the charged drug conspiracy. Therefore, the funds are subject to forfeiture, pursuant to 21 U.S.C. § 853(a)(1).

## III.   Conclusion

For the reasons stated above, the United States requests that, pursuant to 21 U.S.C. § 853(a)(1) and Rule 32.2(b)(2), the Court enter a preliminary order of forfeiture for the funds identified above.

The United States further requests that in accordance with his Plea Agreement (Doc. 45 at 6) and Rule 32.2(b)(4), the order of forfeiture become final as to the defendant at the time it is entered.

Upon issuance of the Preliminary Order of Forfeiture, the government will provide written notice to all third parties known to have an alleged legal interest in the funds and will publish notice on the internet at www.forfeiture.gov. Determining whether a third party has an interest must be deferred until any third-party files a claim. *See* Rule 32.2(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally announcing the sentence and include the forfeiture order in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy,* 201 F.3d 1324, 1326 (11th Cir. 2000).

Because the Preliminary Order of Forfeiture forfeits only the defendant's interest in the funds, the United States further requests that the Court retain jurisdiction to address any third-party claim that may be filed in these proceedings,

and to enter any further order necessary for the forfeiture and disposition of such property.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By:      *s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar No. 0820601
400 West Washington St., Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7560
Facsimile: (407) 648-7643
E-Mail: Nicole.Andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney

5